[Cite as *Bryant v. Alliance Tubular Prods., L.L.C.*, 2015-Ohio-5325.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SCOTT A. BRYANT | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellant | |
| -vs- | |
| | Case No. 2015CA00047 |
| ALLIANCE TUBULAR PRODUCTS,<br>LLC, ET AL. | |
| | O P I N I O N |
| Defendants-Appellees | |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                             Common Pleas, Case No. 2014CV02132

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      December 14, 2015

APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

FRANK L. GALLUCCI, III.                EDWARD D. MURRAY
Plevin & Gallucci Co., L.P.A.          MATTHEW R. HUNT
55 Public Square, Suite 2222           Krugliak, Wilkins, Griffiths
Cleveland, Ohio 44113                  & Dougherty Co., L.P.A.
                                       4775 Munson St., N.W.
                                       P.O. Box 36963
                                       Canton, Ohio 44735

For Plaintiff-Appellant                For Defendant-Appellee

PAUL W. FLOWERS                        SCOTT W. JOHNSON
Paul W. Flowers Co., L.P.A.            Workers' Compensation Section
Terminal Tower, 35th Floor             20 West Federal Street, 3rd Floor
50 Public Square                       Youngstown, Ohio 44503
Cleveland, Ohio 44113

*Hoffman, J.*

**{¶1}** Plaintiff-appellant Scott A. Bryant ("Bryant" or "employee") appeals the February 24, 2015 Judgment Entry entered by the Stark County Court of Common Pleas which granted defendant-appellee Alliance Tubular Products, LLC's ("ATP" or "employer") motion to dismiss.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On November 4, 2013, Bryant was employed by ATP. Bryant alleged he suffered an injury via First Report of Injury filed December 16, 2013, with the Ohio Bureau of Worker's Compensation. Therein, Bryant identified an injury to his right ankle which was twisted while walking on uneven pavement. ATP, who is self-insured, denied Bryant's claim.

**{¶3}** On May 9, 2014, the District Hearing Officer ("DHO") denied Bryant's claim in its entirety. In the Record of Proceedings, the DHO specifically noted "Prior to the hearing on the merits the counsel for the injured Worker indicated he is not requesting the condition of "RIGHT FOOT/ANKLE SPRAIN." Yet, despite that notation, the DHO went on to indicate Bryant alleged an injury on November 4, 2013, when he twisted his ankle on uneven pavement while operating an overhead crane. The DHO further noted Bryant has complained of discomfort from being on his feet for long periods of time as noted in the treatment notes of Leslie Niehaus, DPM. The DHO also relies on the medical report of Dennis Glazer, M.D. dated April 4, 2014.

**{¶4}** Bryant appealed the DHO's order to the Staff Hearing Officer ("SHO"). The SHO denied Bryant's appeal.

{¶5} The Record of Proceedings in front of the SHO noted Bryant testified to walking on uneven concrete and having twisted his right ankle. The SHO further noted Bryant had an extensive prior history of right ankle problems as a result of a motor vehicle accident in August, 2011. The SHO elaborated on that history. The SHO also relied upon the medical report of Dr. Glazer wherein Dr. Glazer indicated he did not find sufficient evidence of a new right ankle condition. The SHO did not indicate Bryant was not requesting the condition of "RIGHT FOOT/ANKLE SPRAIN."

{¶6} The Industrial Commission of Ohio denied further review.

{¶7} Bryant filed his notice of appeal and complaint in the Stark County Court of Common Pleas requesting he be entitled to participate in the Worker's Compensation Fund for the medical condition of "right ankle sprain." ATP filed a motion to dismiss asserting the condition of "right foot/ankle sprain" had not been adjudicated before the Ohio Industrial Commission.

{¶8} The trial court granted ATP's motion via judgment entry filed February 24, 2015. It is from that judgment entry Bryant prosecutes this appeal, assigning as error:

"I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY DISMISSING THE COMPLAINT IN THIS ADMINISTRATIVE APPEAL FOR FAILURE TO STATE A POTENTIALLY MERITORIOUS CLAIM FOR RELIEF."

{¶9} The parties agree this Court's standard of review is *de novo*.

{¶10} In *Ward v. Kroger Co.*, 106 Ohio St. 3d, 2005-Ohio-3560, the Ohio Supreme Court held "the claimant in an R.C. 4123.512 appeal may seek to participate in the Worker's Compensation Fund only for those conditions that were **addressed** in the administrative order from which the appeal is taken." Id., ¶at 17 (emphasis added).

{¶11} ATP argues because the DHO order indicated Bryant would not be pursuing the condition of "right foot/ankle sprain," Bryant did not pursue this condition before the Ohio Industrial Commission and therefore is precluded from appealing that condition to the common pleas court based upon the holding of the *Ward* court.

{¶12} We find ATP's argument unpersuasive. Although the DHO noted Bryant's counsel's pre-hearing statement, it seems apparent to us based upon the Record of Proceedings, the DHO nevertheless considered and rejected Bryant's allegation of having a twisted [right] ankle due to his history of a prior serious motor vehicle accident and based upon the medical report of Dr. Glazer finding no new right ankle condition. The SHO's Record of Proceedings elaborates on Bryant's extensive history of right ankle problems in affirming the decision of the DHO.

{¶13} We find the condition of "right ankle sprain" was "addressed" in the administrative order from which Bryant's appeal was taken.

{¶14} Bryant's sole assignment of error is sustained.

{¶15} The judgment of the Stark County Court of Common Pleas is reversed and the matter remanded to that court for further proceedings according to this Opinion and the law.

By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur